**FILED**

**1:48 pm, Mar 05, 2019**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
**Laura A. Briggs, Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISON

Dominic A. Lowe, Robert Richards
Brant Cheesman, Kyle Lundie, et. Al.
  Plaintiff.
 vs

          Case Number:
       Cause No: 2:19-cv-JRS-MJD

K. Hartzell, Deputy Warden of Putnamville Corr.    57
Kennedy, Internal Intelligence Officer of Putnamville Corr.
T. Schretter Mailroom Staff of Putnamville Corr.
  Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR PRELIMINARY INJUNCTION

Plaintiff submits this memorandum of law in support of his motion for a preliminary injunction.

In determining whether a preliminary injunction should issue, a court must consider whether the party seeking the injunction has demonstrated that: (1) it has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the preliminary injunction is denied; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest. Ty Inc. v. Jones Group Inc., 237 F.3d 891, 895 (7th Cir. 2001); Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc. 149 F.3d 722, 726 (7th Cir. 1998).

### I. THERE IS A REASONABLE LIKELIHOOD THAT PLAINTIFF WILL SUCCEED ON THE MERITS OF HIS CLAIMS

In the Seventh Circuit, the threshold for showing a reasonable likelihood of success is low. Plaintiff's need only demonstrate a "better than negligible chance of succeeding." Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

Plaintiff is very likely to prevail on the merits. The First Amendment protects an inmate's right to send and receive mail. Kaufman v. McCaughtry, 419 F.3d 678, 685 (7th Cir. 2005) (citing Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999)). Here, as Plaintiff's verified complaint shows, Defendant, Brian Smith is Superintendent of the Putnamville Correctional Facility who, at all times mentioned in this complaint held the position of Superintendent/ Warden and was assigned to Putnamville Correctional Facility (PCF), violated the 1st (First) and 14th ( fourteenth) Amendment rights of plaintiff Dominic A. Lowe and other similarly situated offender at Putnamville Correction Facility.

## II.   PLAINTIFF FACES A SUBSTANTIAL THREAT OF IRREPARABLE HARM

Irreparable harm will result unless an injunction is granted in this case. As a result mail will continue to be destroyed or withheld by the defendants.

## III.   THE THREATENED HARM TO PLAINTIFF OUTWEIGHS ANY HARM THAT THE INJUNCTION MAY CAUSE DEFENDANTS

The threat of harm to the Plaintiff outweighs any harm that might result to the defendants by a preliminary injunction. As this memorandum has explained, Plaintiff is exposed to an ongoing substantial risk of serious harm. The relief that Plaintiff seeks is essentially an order compelling the defendants to perform their preexisting duties under the United States Constitution. Farmer, 511 U.S. at 832-33. The proposed relief is narrowly tailored to remedy the ongoing violation of plaintiff's constitutional rights and to prevent the occurrence of irreparable harm in the future. 18 U.S.C.A. § 362(a). It will not cause the defendants any real "harm."

## IV.   THE PUBLIC INTEREST WILL NOT BE DISSERVED BY A GRANT OF A PRELIMINARY INJUNCTION

Finally, Plaintiff seeks a preliminary injunction to protect his rights under the The First Amendment and fourteenth Amendments. As a general matter, the "public interest...is

always served by protecting the constitutional rights of all its members." Reinert v. Hass, 585 F. Supp. 477, 481 (S.D. Iowa 1984) See also Spartacus Youth League v. Board of Trustees, 502 F. Supp. 789, 804 (N.D. Ill. 1980) (finding that "the ultimate public interest lies in the protection of the Constitutional rights which plaintiffs assert"). The Public interest is not served by defendant's current practice of subjecting inmates in the administrative segregation unit to the deprivation of a basic human need.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff asks this Court to order the defendants, their successors, agents, employees, and all persons acting in concert with them to RETUN any mail not deemed contaminated or a danger to the facility security and safety and provide policy addition to inform offenders of the nature of substance that mail has been tested and proven to have contain.

Respectfully Submitted,

_____
Plaintiff, Pro-se

DOC # 233910
1946 W. U.S. Hwy 40
Greencastle, In 46135