UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DOMINIC A. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00057-JMS-MJD |
| | ) | |
| BRIAN SMITH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AMENDED PRISONER COMPLAINT**

Plaintiff Dominic Lowe filed an amended complaint on April 5, 2019. Dkt. 17. Because a party may amend its pleading as a matter of course within 21 days of service, *see* Fed. R. Civ. P. 15(a)(1)(A), it is now ready for screening.

### I.   Screening Standard

Mr. Lowe is a prisoner currently incarcerated at Putnamville Correctional Facility (PCF). Because he is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Plaintiff's Complaint

In the amended complaint, Mr. Lowe identifies no new defendants and adds no new claims. The amended complaint does, however, identify three additional individuals and "similarly situated individuals incarcerated at PCF" as plaintiffs. Dkt. 17 at 2. The amended complaint names the following defendants: (1) Brian Smith; (2) K. Hartzell; (3) Mr. Kenney; and (4) T. Schretter. *Id.* at 2-3. Lowe seeks declaratory relief, punitive damages, and injunctive relief. *Id.* at 5. The amended complaint is now the operative complaint in this action.

## III. Analysis

### A. Additional Plaintiffs

As noted, the amended complaint lists three additional plaintiffs: Robert Richards, Brant Cheesman, and Kyle Lundie. Dkt. 17 at 2. Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20. Even if the plaintiffs in this action were properly joined, however, the Court finds that the management of *pro se* multi-plaintiff inmate litigation is not warranted in this instance because it presents significant burdens to both the parties and the Court. The parties may not appear for each other because they are not attorneys. As a result, all four plaintiffs are required to individually sign any motion or notice filed on behalf of all four plaintiffs. However, because of security concerns related to inmate to inmate correspondence and face-to-face communications, the plaintiffs may have limited opportunities to discuss case strategy, share discovery, or even provide each other copies of the

motions and notices they file with the Court. Accordingly, continued administration of the lawsuit by the inmates becomes virtually impossible. Moreover, inmates are subject to transfer to a different facility at any time or may be released.

With these concerns in mind, the Court concludes that unitary adjudication of the claims would result in unfairness to the parties and the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket. If Mr. Richards, Mr. Cheesman, or Mr. Lundie wishes to file his own lawsuit, he may do so. Each will be responsible for the filing fee of the new action, as Mr. Lowe was responsible for the filing fee in this action. Robert Richards, Brant Cheesman, and Kyle Lundie are **dismissed as plaintiffs** from this action.

Additionally, the amended complaint is not operative as to "similarly situated individuals incarcerated at PCF." Dkt. 17 at 2. A non-attorney cannot represent others in district court. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). Consequently, Mr. Lowe cannot litigate this action on behalf of others incarcerated at PCF. The amended complaint, dkt. 17, is **effective only as to plaintiff Dominic A. Lowe.**

### B. Claims That May Proceed

Mr. Lowe alleges that all the defendants violated his First and Fourteenth Amendment rights to receive mail by improperly delaying, denying, and censoring his mail. He also alleges he was improperly denied the "Men's Journal" magazine. These claims **shall proceed.**

### C. Claims That Are Dismissed

Mr. Lowe also alleges that the defendants refused to follow Indiana Department of Correction (IDOC) policy related to the handling of inmate mail. Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or

immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a *federal* right; violations of state law or IDOC policy do not support a claim under § 1983. *See Waubanascum v. Shawano Cty.*, 416 F.3d 658, 670 (7th Cir. 2005) (stating a violation of state law does not provide a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."). To the extent Mr. Lowe alleges a violation of IDOC policy, these claims are **dismissed for failure to state a claim upon which relief can be granted.**

### IV. Issuance of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Brian Smith, Mr. Hartzell, Mr. Kennedy, and T. Schretter. Process shall consist of the amended complaint filed April 5, 2019, dkt. 17, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### V. Response to Motion for Preliminary Injunction

In the screening entry dated April 3, 2019, dkt. 11, the Court directed the defendants to file a response to the plaintiff's motion for preliminary injunction when they file an answer. That deadline still applies.

The plaintiff's second motion for preliminary injunction, dkt. [15], is **denied as duplicative.**

### VI. Summary

The amended complaint is now the operative pleading in this case. However, it is **effective only as to plaintiff Dominic A. Lowe**. His First and Fourteenth Amendment claims against the defendants **shall proceed.** His claims based on violations of IDOC policy are **dismissed.**

**IT IS SO ORDERED.**

Date: 4/17/2019

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DOMINIC A. LOWE
233910
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to the following IDOC employees at Putnamville Correctional Facility:
    Brian Smith
    Mr. Hartzell
    Mr. Kennedy
    T. Schretter